E-FILED
Thursday, 03 July, 2014 01:26:09 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| CCPS TRANSPORTATION, L.L.C.<br><br>Plaintiff,<br><br>v.<br><br>BONITA R. CHARTER and ALAN CHARTER; JOHN M. STROBEL and PATRICIA A. STROBEL; EDWARD I. STROBEL and PHYLLIS B. STROBEL; THE EDWARD I. STROBEL TRUST AND EDWARD I. STROBEL AS TRUSTEE; THE PHYLLIS B. STROBEL TRUST and PHYLLIS B. STROBEL AS TRUSTEE; DIANE K. LARKIN; DONALD S. LARKIN and JOBETH LARKIN; and DANIEL B. LARKIN.<br><br>Defendants. | ) | No. 14-CV-_________ |

**COMPLAINT FOR DECLARATORY JUDGMENT**

CCPS Transportation, L.L.C. ("CCPS") complains against Defendants Bonita R. Charter, Alan Charter, John M. Strobel, Patricia A. Strobel, Edward I. Strobel, Edward I. Strobel Trust, Phyllis B. Strobel, Phyllis B. Strobel Trust, Diane K. Larkin, Donald S. Larkin, JoBeth Larkin, and Daniel B. Larkin ("Defendants") as follows:

**JURISDICTION AND VENUE**

1. Plaintiff CCPS is a Delaware limited liability company with its principal place of business in Houston, Texas. The sole member of CCPS is Enbridge Energy Company, Inc., a Delaware corporation with its principal place of business in Houston, Texas.

2. Defendant Bonita R. Charter is a citizen of Illinois.

3. Defendant Alan Charter is a citizen of Illinois.

4. Defendant John M. Strobel is a citizen of Ohio.

5. Defendant Patricia A. Strobel is a citizen of Ohio.

6. Defendant Edward I. Strobel is a citizen of Illinois.

7. Defendant Edward I. Strobel Trust is a citizen of Illinois because its sole trustee Edward I. Strobel is a citizen of Illinois.

8. Defendant Phyllis B. Strobel is a citizen of Illinois.

9. Defendant Phyllis B. Strobel Trust is a citizen of Illinois because its sole trustee Phyllis B. Strobel is a citizen of Illinois

10. Defendant Diane K. Larkin is a citizen of Illinois.

11. Defendant Donald S. Larkin is a citizen of Illinois.

12. Defendant JoBeth Larkin is a citizen of Illinois.

13. Defendant Daniel B. Larkin is a citizen of Illinois.

14. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

15. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(a)(1).

16. The lands at issue in this complaint are located in Livingston County, Illinois. For pipeline purposes, CCPS has designated Defendants' properties by discrete "tract" numbers as tracts SH-232 (Charter), SH-256 (Strobel), and SH-258-B, C, and D (Larkins). Additionally, the Right of Way grants attached to this complaint as Exhibit A and hereby incorporated by reference (the "1952 Right of Way grants") are all recorded in Livingston County, Illinois. Venue is thus proper in this judicial district and division pursuant to 28 U.S.C. §1391(b)(2).

**FACTS**

17. CCPS is participating in the construction of a new liquid petroleum pipeline running northeasterly from a petroleum terminal near Pontiac, Illinois to Lake County, Indiana, there to interconnect with petroleum terminals located in Griffith and Schererville, Indiana. The

new pipeline, called "Line 78," will run approximately seventy-seven miles in Illinois and will largely parallel an existing CCPS pipeline – Line 62 –that will traverses portions of Livingston, Grundy, Kankakee, Will, and Cook counties in Illinois and also part of Lake County, Indiana.

18. The route of Line 78 crosses various parcels of land in Livingston County, Illinois that are currently owned by Defendants. These parcels are part of the Line 62 right-of-way in which CCPS possesses multiple-line rights. The respective rights of the parties concerning each parcel of land are set forth on the face of each of the attached 1952 Right of Way grants. Defendants are the current successors to the grantor under each grant; CCPS is the current successor to the grantee under each grant.

19. Among the rights conveyed to the grantee and its successors and assigns by the 1952 Right of Way grants is the right to construct and operate one or more additional pipelines on Defendants' properties for the transportation of liquids and/or gases.

20. To facilitate construction and operation of Line 78, CCPS intends to utilize its rights under the 1952 Right Of Way grants to facilitate the construction and operation of an additional underground pipeline on Defendants' parcels.

21. The plain language on the face of each 1952 Right Of Way grant authorizes the grantee and its successors and assigns, among other things, to construct an additional pipeline of any size on Defendants' properties for the transportation of liquids and/or gases; to change the size of its pipes; to operate, maintain, and protect such pipelines; and to have unimpaired access to them as well as ingress and egress rights over Defendants' properties for all purposes necessary to the exercise of the rights granted by the 1952 Right Of Way grants. To exercise said rights, the grantee need only tender the payment specified in the applicable 1952 Right of Way grant. The requisite tenders have been made.

22. Defendants deny grantee's rights under the grants. Defendants contend, notwithstanding the clear and express terms of the 1952 Right Of Way grants, that they may block construction and operation of Line 78 pursuant to the grants across their properties.

23. The dispositive language in the 1952 Right of Way grants authorizes an "additional pipeline or pipelines along side of said first pipeline." *See* Exhibit A. If Defendants succeeds in their effort to abrogate the terms of the 1952 Right Of Way grants and blockade Line 78, CCPS will be deprived of its express contractual right to construct an additional pipeline on Defendants' properties, its contribution to the Line 78 project will be substantially impaired, and CCPS and its affiliates will be subjected to significant delay and large additional expenses in rerouting, designing, and constructing the Line 78 Pipeline.

24. An actual controversy now exists between CCPS and these Defendants concerning the validity, enforceability, and correct interpretation of the 1952 Right Of Way grants with respect to the construction and operation of Line 78 across Defendants' properties.

**RELIEF**

25. CCPS seeks a declaration that the 1952 Right of Way grants are valid and enforceable according to their terms and that it possesses and may enforce all of the rights granted to the grantee by the language of the 1952 Right of Way grants, including rights to lay, operate, maintain, and protect on Defendants' properties an additional pipeline for the transportation of liquids and/or gases of such size as CCPS or its assignee determines, as well as rights to enter and utilize such portions of the land as may be necessary for the exercise of the other rights granted.

WHEREFORE, CCPS prays that the Court grant judgment in its favor as described above, award Plaintiff its costs, and afford such other relief as the Court finds just and reasonable.

CCPS TRANSPORTATION, L.L.C.

Gerald A. Ambrose*
John A. Heller
Courtney A. Rosen (admission pending)
Sidley Austin LLP
One South Dearborn
Chicago, Illinois 60603
312-853-7000
gambrose@sidley.com

Christopher J. Spanos
Westervelt, Johnson, Nicoll
& Keller, LLC
411 Hamilton Boulevard, 14th Floor
Peoria, Illinois 61602
309-671-3550
cspanos@westerveltlaw.com

Attorneys for CCPS Transportation, L.L.C.

Of Counsel:
Arshia Javaherian
Senior Legal Counsel
Enbridge Energy, Limited Partnership
26 East Superior Street, Suite 309
Duluth, MN 55802
218-464-5702
Arshia.Javaherian@enbridge.com

By: /s/ Gerald A. Ambrose
One of its Attorneys

Dated: July 3, 2014

* LEAD COUNSEL PER LOCAL RULE 11.2.

# EXHIBIT A

**Property of Bonita R. Charter and Alan Charter**
**(Tract SH-232)**

**Property of John M. Strobel and Patricia A. Strobel, Edward I. Strobel and Phyllis B. Strobel, The Edward I. Strobel Trust and Edward I. Strobel as Trustee, The Phyllis B. Strobel Trust and Phyllis B. Strobel as Trustee**
**(Tract SH-256)**

**Property of Diane K. Larkin, Donald S. Larkin and JoBeth Larkin, and Daniel B. Larkin**
**(Tracts SH-258-B, SH-258-C and SH-258-D)**

1387 LL-73

T0078

15

SH-232

(ILLINOIS)

# RIGHT OF WAY

FOR AND IN CONSIDERATION OF THE SUM OF Two Hundred Eighty And n0/100 DOLLARS, to the grantors paid, the receipt of which is hereby acknowledged, WILLIAM SMITH and JENNIE SMITH Husband and wife, herein called Grantors, hereby grant unto SINCLAIR PIPE LINE COMPANY, a Delaware corporation, hereafter called Grantee, its successors and assigns, the right to lay, maintain, inspect, operate, protect, repair, replace and remove a pipe line for the transportation of liquids and/or gases on, over and through the following described land of which grantors warrant they are the owners in fee simple, situated in Livingston County, State of Illinois to-wit:

The North half (N½) of the Northwest quarter (NW¼) of Section 11, Township 30 North, Range 8 East,

together with the right of unimpaired access to said pipe line and the right of ingress and egress on, over and through said land for any and all purposes necessary and incident to the exercise by said grantee of the rights granted hereunder, hereby releasing and waiving all rights under and by virtue of the homestead exemption laws of said state.

The said grantors have the right to fully use and enjoy the said premises except as the same may be necessary for the purposes herein granted to the said grantee. Grantors agree not to build, create or construct, any obstruction, engineering works, or other structure over said pipe line or lines, nor permit same to be done by others.

In addition to the above consideration, grantee agrees to pay any damages which may arise to crops, buildings, drain tile, fences and timber, by reason of grantee's operations.

Any pipe line or lines constructed by grantee across lands under cultivation shall, at the time of the construction thereof, be buried to such depth as will not interfere with such cultivation, except that at option of Grantee it may be placed above the channel of any stream, ravine, ditch or other watercourse.

As a part of the consideration hereinabove set forth Grantors hereby grant unto said Grantee the right at any time or times to construct and operate an additional pipe line or pipe lines alongside of said first pipe line on, over and through said land, and Grantee agrees to pay Grantors for each additional pipe line so placed the sum of Two Hundred Eighty & no/100 Dollars, on or before the time Grantee commences to construct such pipe line on the land hereinabove described. Said additional line or lines to be subject to the same rights, privileges and conditions as the original line.

Grantee shall have the right to change the size of its pipes, the damages, if any, in making such change to be paid by the said grantee.

It is agreed that any payment hereunder may be made direct to said grantors or any one of them, or by depositing such payment to the credit of said grantors or any one of them in the First National Bank of Dwight Illinois, and payment so made shall be deemed and considered as payment to each of said grantors.

The rights herein granted may be assigned in whole or in part.

The terms, conditions and provisions hereof shall extend to and be binding upon the heirs, executors, administrators, personal representatives, successors and assigns of the parties hereto.

IN WITNESS WHEREOF, We have hereto set our hands and our seals this 19th day of Nov 1952

Signed, sealed and delivered in the presence of

E. L. Grant

William Smith (Seal)

Jennie Smith (Seal)

(Seal)

(Seal)

BOOK 254 PAGE 183

INDIVIDUAL BOOK 254 PAGE 184 SH-232

STATE OF ______________ }
COUNTY OF ______________ } SS.

On this ______ day of ______________, 195___, before me personally appeared ______________________

to me known to be the person described in and who executed the foregoing instrument, and acknowledged that ______ executed the same as ______ free act and deed.

Given under my hand and seal the day and year first above written.

______________________
Notary Public

My Commission expires ______________

HUSBAND AND WIFE

STATE OF Illinois }
COUNTY OF Kankakee } SS.

On this 19th day of May, 1952, before me personally appeared William Smith and Connie Smith, husband and wife, to me known to be the persons described in and who executed the foregoing instrument, and acknowledged that they executed the same as their free act and deed, including the release and waiving of the right of homestead, the said wife having been by me fully apprised of her right and the effect of signing and acknowledging the said instrument.

Given under my hand and seal the day and year first above written.

M. Josephine Murphy
Notary Public.

My Commission expires December 3, 1955

Series 5595 Line No. ___

FROM

William Smith, et ux

TO

SINCLAIR PIPE LINE COMPANY

Line Flanagan-East Chicago 22"

Length 56 Rods

Dist. 5595

Auth. 1124

Conn. ___

Draft 9898 E.L.B.

230854

STATE OF ILLINOIS }
COUNTY OF LIVINGSTON } ss.

This instrument was filed for record the 16 day of June A.D. 1952 at 9:20 o'clock A.M. and recorded in Book 254 of Deeds on page 183

[signature]
Recorder of Deeds

William Smith, and
Jannie Smith, his wife,
Reddick, Illinois

SH-256

1450

(ILLINOIS)

# RIGHT OF WAY

FOR AND IN CONSIDERATION OF THE SUM OF One Hundred Forty Five and no/100 DOLLARS

to the grantors paid, the receipt of which is hereby acknowledged,

Paul L.Bolen &Lois C.Bolen,his wife; Charles J.Steichen & Dorathy Steichen, his wife; Clifford C.Steichen & Margret Irene Steichen, his wife; Mary Steichen a spinster; Clem Steichen & Helen Steichen, his wife; Floyd Kurtenbach & Ida Kurtenbach, his wife; Leo J.Niesen & Garnet Niesen, his wife; Wilbur Niesen a bachelor; Lawrence Lochen & Henrietta Lochen, his wife; George E. Steichen & Romona L. Steichen, his wife; James B. Sewell & Maude M. Sewell, his wife; William N. Steichen & Nina Steichen, his wife; Jack E. Steichen & Julia Steichen, his wife; John C. Niesen & Gwendolyn Niesen, his wife; Clifford Drach & Doris Drach, his wife; Joe Kelly & Beatrice Kelly, his wife; Nicholas Humbert & Mary Humbert, his wife.

[illegible] PIPE LINE COMPANY [illegible] the right to lay [illegible] pipe line [illegible] lands [illegible]

[illegible] Livingston [illegible] Illinois

The South Half of the Southwest Quarter (S½ SW¼), Section 27, Township 30 North, Range 7 East

Together with the right of unimpaired access to said pipe line and the right of ingress [illegible] for any and all purposes necessary and incident to the exercise by said grantee of the rights [illegible] by virtue of the [illegible] laws of said state.

The said grantors have the right to fully use and enjoy the said premises except as the same may be [illegible] granted to the said grantee [illegible] other structure over said pipe line [illegible] permit same to be done by others.

In addition to the above [illegible] grantee agrees to pay any damages [illegible] fences and timber, by reason of grantee's operations.

Any such line or lines constructed by grantee [illegible] buried to such depth as will not interfere with [illegible] cultivation, except [illegible] of any stream, ravine, ditch or other water course.

As a part of the consideration [illegible] to construct and operate an additional pipe line or pipe lines alongside of such first pipe line [illegible]

Grantee agrees to pay Grantors for each additional pipe line so laid the sum of One Hundred Forty five [illegible] on or before the time Grantee commences [illegible] such pipe line on the land [illegible] lines to be subject to the same rights, privileges and conditions as the original line.

Grantee shall have the right to change the size of its pipes, the damages, if any, [illegible] said grantee.

It is agreed that any payment [illegible] may be made [illegible] to said grantors or any one of them [illegible]

[illegible] and payment so made shall be deemed [illegible] payment to each of said grantors.

The rights herein granted may be assigned in whole or in part.

The terms, conditions and provisions hereof shall extend to and be binding upon the heirs, executors, administrators, personal representatives, successors and assigns of the parties hereto.

BOOK 254 PAGE 501

SH-256

BOOK 254 PAGE 502

IN WITNESS WHEREOF, we have hereto set our hands and our seals this 30th day of June 1952

Signed, sealed and delivered in the presence

(Seal)
(Seal)
(Seal)

| | |
|---|---|
| [illegible] SEAL | James B. Sewell SEAL |
| Clarence A. Stiechen SEAL | Maude M. Sewell SEAL |
| [illegible] Stiechen SEAL | William R. Stiechen SEAL |
| Irma Stiechen SEAL | [illegible] Stiechen SEAL |
| Clifford L. Stiechen SEAL | Lois G. [illegible] SEAL |
| Mary Steichen SEAL | [illegible] SEAL |
| [illegible] Steichen SEAL | [illegible] SEAL |
| Helen Steichen SEAL | John C. Niesen SEAL |
| Ida Kurtenbach Seal | [illegible] Seal |
| Lloyd Kurtenbach Seal | Alfred [illegible] Seal |
| Leo C. Niesen Seal | Patricia Kelley Seal |
| Wilbur Niesen Seal | Joe Kelley Seal |
| Henrietta Locking Seal | Mary Humfert Seal |
| Lawrence [illegible] Seal | [illegible] Seal |
| George L. Steichen Seal | [illegible] Niesen Seal |
| Romana L. Steichen Seal | Gwendolyn Niesen Seal |

SH-256

INDIVIDUAL

State of Illinois )SS.
County of Livingston )

On this 30th day of June 1952, be for me personally appeared Paul L. Bolen & Lois G. Bolen, his wife; Charles J. Steichen & Darathy Steichen, his wife; Clifford C. Stoichen & Margret Irene Steichen, his wife; Mary Steichen, a spinster; Clem Steichen & Helen Steichen, his wife; Floyd Kurtenbach & Ida Kurtenbach, his wife; Leo C. Niesen & Carmet Nieson, his wife; Wilbour Nieson, a bachelor; Lawrence Lochner & Henrietta Lochner, his wife; George R. Stoichen & Romona L. Steichen, his wife; James B. Sewell & Maude M. Sewell, his wife; William R. Steichen & Nina L. Steichen, his wife; Jack E. Steichen & Julia Steichen, his wife; John C. Niesen & Gwendolyn Niesen, his wife; Clifford Drach & Doris Drach, his wife; Joe Kelly & Beatrice Kelly, his wife; Nicholas Humbert & Mary Humbert, his wife; to me known to be the persons described in and who executed the foregoing instrument, and acknowledge that they executed the same as their free act and deed.

Given under my hand and seal the day and year above written.

Verne Clark
Notary Public

My Commission expires August 6, 1955

My Commission expires

Series 5595 Line No. 49
FROM
Elizabeth Nieson, et al
TO
SINCLAIR PIPE LINE COMPANY
Line Flanagan - East Chicago
Length 29 Rods
Dist. 5595
Auth. 1174
Cons.
Unit 10455 ...

231417

STATE OF ILLINOIS } ss.
COUNTY OF LIVINGSTON
This instrument was filed for record on the 4 day of Aug. A.D. 1952 at 8:30 o'clock A. M. and recorded in Book 254 of Records on page 503
Geo. M. Leonard
Recorder of Deeds

BOOK 254 PAGE 503

3.00 Pd

SH-258-B

1316

SPL-838

LL47

(ILLINOIS)

# RIGHT OF WAY

FOR AND IN CONSIDERATION OF THE SUM OF Nine Hundred Forty Two & No/100 DOLLARS, to the grantors paid, the receipt of which is hereby acknowledged, J.A.McWilliams & Alice R.McWilliams, his wife

herein called Grantors, hereby grant unto SINCLAIR PIPE LINE COMPANY, a Delaware corporation, hereafter called Grantee, its successors and assigns, the right to lay, maintain, inspect, operate, protect, repair, replace and remove a pipe line for the transportation of liquids and/or gases on, over and through the following described land of which grantors warrant they are the owners in fee simple, situated in Livingston County, State of Illinois to-wit:

The South Half of the Northeast quarter and the Northeast quarter of the Northeast quarter (S/2 NE/4 & NE/4 NE/4) Section 33, and the West half of the Northwest quarter and the Northeast quarter of the Northwest quarter (W/2 NW/4 & NE/4 NW/4) Section 34, all being in township 30 North, Range 7 East

together with the right of unimpaired access to said pipe line and the right of ingress and egress on, over and through said land for any and all purposes necessary and incident to the exercise by said grantee of the rights granted hereunder, hereby releasing and waiving all rights under and by virtue of the homestead exemption laws of said state.

The said grantors have the right to fully use and enjoy the said premises except as the same may be necessary for the purposes herein granted to the said grantee. Grantors agree not to build, create or construct, any obstruction, engineering works, or other structure over said pipe line or lines, nor permit same to be done by others.

In addition to the above consideration, grantee agrees to pay any damages which may arise to crops, buildings, drain tile, fences and timber, by reason of grantee's operations.

Any pipe line or lines constructed by grantee across lands under cultivation shall, at the time of the construction thereof, be buried to such depth as will not interfere with such cultivation, ~~except that at option of Grantee it may be placed above the channel of any stream, ravine, ditch or other watercourse.~~

As a part of the consideration hereinabove set forth Grantors hereby grant unto said Grantee the right at any time or times to construct and operate an additional pipe line or pipe lines alongside of said first pipe line on, over and through said land, and Grantee agrees to pay Grantors for each additional pipe line so placed the sum of Nine Hundred Forty Two Dollars, on or before the time Grantee commences to construct such pipe line on the land hereinabove described. Said additional line or lines to be subject to the same rights, privileges and conditions as the original line.

Grantee shall have the right to change the size of its pipes, the damages, if any, in making such change to be paid by the said grantee.

It is agreed that any payment hereunder may be made direct to said grantors or any one of them, or by depositing such payment to the credit of said grantors or any one of them in the Bank of Dwight Bank of Dwight, Illinois, and payment so made shall be deemed and considered as payment to each of said grantors.

The rights herein granted may be assigned in whole or in part.

The terms, conditions and provisions hereof shall extend to and be binding upon the heirs, executors, administrators, personal representatives, successors and assigns of the parties hereto.

IN WITNESS WHEREOF, We have hereto set our hands and our seals this 9th day of May, 1952

Signed, sealed and delivered in the presence of C.G. McFadden

J. A. McWilliams (Seal)

Alice R. McWilliams (Seal)

(Seal)

(Seal)

DOCUMENTARY

BOOK 254 PAGE 217

INDIVIDU[AL] BOOK 254 PAGE 218

STATE OF ________ }
COUNTY OF ________ } SS.

On this ______ day of __________, 195___, before me personally appeared ______________ to me known to be the person described in and who executed the foregoing instrument, and acknowledged that ______ executed the same as ______ free act and deed.

Given under my hand and seal the day and year first above written.

______________________
Notary Public

My Commission expires ______________

## HUSBAND AND WIFE

STATE OF Illinois }
COUNTY OF Livingston } SS.

On this 9th day of May, 1952, before me personally appeared J.A.McWilliams and Alice R. McWilliams husband and wife, to me known to be the persons described in and who executed the foregoing instrument, and acknowledged that they executed the same as their free act and deed, including the release and waiving of the right of homestead, the said wife having been by me fully apprised of her right and the effect of signing and acknowledging the said instrument.

Given under my hand and seal the day and year first above written.

Gladys Bernd
Notary Public

My Commission expires Nov. 30-1955.

Series 5595 Line No. 17

FROM

J.A.McWilliams &
Alice R. McWilliams

TO

SINCLAIR PIPE LINE COMPANY

Line Flanagan-East Chicago 22"

Length 314 Rods

Dist 5595

Auth. 1124

Conn.

Draft 7506

TENANT

230871

STATE OF ILLINOIS } ss.
COUNTY OF LIVINGSTON
This instrument was filed for record on the 16 day of June A.D. 1952 at 8:30 o'clock A.M. and recorded in Book 254 on page 217 of Deeds

[signature]
Recorder of Deeds

Return to
W. R. Flanagan
Supt. Right of Way Dept.
P. O. Box 160
Independence Kans.

SH-258-C

1316

1147

(ILLINOIS)

# RIGHT OF WAY

FOR AND IN CONSIDERATION OF THE SUM OF Nine Hundred Forty Two & No/100 DOLLARS, to the grantors paid, the receipt of which is hereby acknowledged, J. A. McWilliams & Alice R. McWilliams, his wife herein called Grantors, hereby grant unto SINCLAIR PIPE LINE COMPANY, a Delaware corporation, hereafter called Grantee, its successors and assigns, the right to lay, maintain, inspect, operate, protect, repair, replace and remove a pipe line for the transportation of liquids and/or gases on, over and through the following described land of which grantors warrant they are the owners in fee simple, situated in Livingston County, State of Illinois to-wit:

The South Half of the Northeast quarter and the Northeast quarter of the Northeast quarter (S/2 NE/4 & NE/4 NE/4) Section 33, and the West half of the Northwest quarter and the Northeast quarter of the Northwest quarter (W/2 NW/4 & NE/4 NW/4) Section 34, all being in township 30 North, Range 7 East

together with the right of unimpaired access to said pipe line and the right of ingress and egress on, over and through said land for any and all purposes necessary and incident to the exercise by said grantee of the rights granted hereunder, hereby releasing and waiving all rights under and by virtue of the homestead exemption laws of said state.

The said grantors have the right to fully use and enjoy the said premises except as the same may be necessary for the purposes herein granted to the said grantee. Grantors agree not to build, create or construct, any obstruction, engineering works, or other structure over said pipe line or lines, nor permit same to be done by others.

In addition to the above consideration, grantee agrees to pay any damages which may arise to crops, buildings, drain tile, fences and timber, by reason of grantee's operations.

Any pipe line or lines constructed by grantee across lands under cultivation shall, at the time of the construction thereof, be buried to such depth as will not interfere with such cultivation, ~~except that at option of Grantee it may be placed above the channel of any stream, ravine, ditch or other watercourse.~~

As a part of the consideration hereinabove set forth Grantors hereby grant unto said Grantee the right at any time or times to construct and operate an additional pipe line or pipe lines alongside of said first pipe line on, over and through said land, and

Grantee agrees to pay Grantors for each additional pipe line so placed the sum of Nine Hundred Forty Two Dollars, on or before the time Grantee commences to construct such pipe line on the land hereinabove described. Said additional line or lines to be subject to the same rights, privileges and conditions as the original line.

Grantee shall have the right to change the size of its pipes, the damages, if any, in making such change to be paid by the said grantee.

It is agreed that any payment hereunder may be made direct to said grantors or any one of them, or by depositing such payment to the credit of said grantors or any one of them in the Bank of Dwight Bank of Dwight, Illinois, and payment so made shall be deemed and considered as payment to each of said grantors.

~~The rights herein granted may be assigned in whole or in part.~~

The terms, conditions and provisions hereof shall extend to and be binding upon the heirs, executors, administrators, personal representatives, successors and assigns of the parties hereto.

IN WITNESS WHEREOF, We have hereto set our hands and our seals this 9th day of May, 1952

Signed, sealed and delivered in the presence of C. G. McFadden

J. A. McWilliams (Seal)

Alice R. McWilliams (Seal)

(Seal)

(Seal)

BOOK 254 PAGE 217

INDIVIDUAL BOOK 254 PAGE 218

STATE OF ________ } SS.
COUNTY OF ________ }

On this ____ day of ________, 195__ before me personally appeared ________ to me known to be the person described in and who executed the foregoing instrument, and acknowledged that ____ executed the same as ____ free act and deed.

Given under my hand and seal the day and year first above written.

________
Notary Public

My Commission expires ________

HUSBAND AND WIFE

STATE OF Illinois } SS.
COUNTY OF Livingston }

On this 9th day of May, 1952 before me personally appeared J.A.McWilliams and Alice R. McWilliams husband and wife, to me known to be the persons described in and who executed the foregoing instrument and acknowledged that they executed the same as their free act and deed, including the release and waiving of the right of homestead, the said wife having been by me fully apprised of her right and the effect of signing and acknowledging the said instrument.

Given under my hand and seal the day and year first above written.

Gladys Bussard
Notary Public

My Commission expires Nov. 30-1955.

Series 5595 Line No. 17

FROM

J.A. McWilliams &
Alice R. McWilliams

TO

SINCLAIR PIPE LINE COMPANY

Line Flanagan-East Chicago 22

Length 314 Rods

Dist 5595
Auth 1124
Comp
Dist 7506

TENANT

230871

STATE OF ILLINOIS } ss.
COUNTY OF LIVINGSTON }

This instrument was filed for record on the ____ day of June A.D. 1952 at ____ o'clock __ M. and recorded in Book 254 on page 217

Recorder of Deeds

Return to
W. R. Flanagan
Supt. Right of Way Dept.
P. O. Box 160
Independence Kans.

SH-259-D

1316

1147

(ILLINOIS)

# RIGHT OF WAY

FOR AND IN CONSIDERATION OF THE SUM OF Nine Hundred Forty Two & No/100 DOLLARS, to the grantors paid, the receipt of which is hereby acknowledged, J. A. McWilliams & Alice R. McWilliams, his wife

herein called Grantors, hereby grant unto SINCLAIR PIPE LINE COMPANY, a Delaware corporation, hereafter called Grantee, its successors and assigns, the right to lay, maintain, inspect, operate, protect, repair, replace and remove a pipe line for the transportation of liquids and/or gases on, over and through the following described land of which grantors warrant they are the owners in fee simple, situated in Livingston County, State of Illinois to-wit:

The South Half of the Northeast quarter and the Northeast quarter of the Northeast quarter (S/2 NE/4 & NE/4 NE/4) Section 33, and the West half of the Northwest quarter and the Northeast quarter of the Northwest quarter (W/2 NW/4 & NE/4 NW/4) Section 34, all being in township 30 North, Range 7 East

together with the right of unimpaired access to said pipe line and the right of ingress and egress on, over and through said land for any and all purposes necessary and incident to the exercise by said grantee of the rights granted hereunder, hereby releasing and waiving all rights under and by virtue of the homestead exemption laws of said state.

The said grantors have the right to fully use and enjoy the said premises except as the same may be necessary for the purposes herein granted to the said grantee. Grantors agree not to build, create or construct, any obstruction, engineering works, or other structure over said pipe line or lines, nor permit same to be done by others.

In addition to the above consideration, grantee agrees to pay any damages which may arise to crops, buildings, drain tile, fences and timber, by reason of grantee's operations.

Any pipe line or lines constructed by grantee across lands under cultivation shall, at the time of the construction thereof, be buried to such depth as will not interfere with such cultivation, ~~except that at option of Grantee it may be placed above the channel of any stream, ravine, ditch or other watercourse.~~

As a part of the consideration hereinabove set forth Grantors hereby grant unto said Grantee the right at any time or times to construct and operate an additional pipe line or pipe lines alongside of said first pipe line on, over and through said land, and Grantee agrees to pay Grantors for each additional pipe line so placed the sum of Nine Hundred Forty Two Dollars, on or before the time Grantee commences to construct such pipe line on the land hereinabove described. Said additional line or lines to be subject to the same rights, privileges and conditions as the original line.

Grantee shall have the right to change the size of its pipes, the damages, if any, in making such change to be paid by the said grantee.

It is agreed that any payment hereunder may be made direct to said grantors or any one of them, or by depositing such payment to the credit of said grantors or any one of them in the Bank of Dwight Bank of Dwight, Illinois, and payment so made shall be deemed and considered as payment to each of said grantors.

The rights herein granted may be assigned in whole or in part.

The terms, conditions and provisions hereof shall extend to and be binding upon the heirs, executors, administrators, personal representatives, successors and assigns of the parties hereto.

IN WITNESS WHEREOF, We have hereto set our hands and our seals this 9th day of May 1952

Signed, sealed and delivered in the presence of
C. G. McFadden

J. A. McWilliams (Seal)
Alice R. McWilliams (Seal)
(Seal)
(Seal)

BOOK 254 PAGE 217

INDIVIDUAL BOOK 254 PAGE 218

STATE OF ______ } SS.
COUNTY OF ______

On this ____ day of ______ 195__ before me personally appeared ______ to me known to be the person described in and who executed the foregoing instrument, and acknowledged that ____ executed the same as ____ free act and deed.

Given under my hand and seal the day and year first above written.

______ Notary Public

My Commission expires: ______

HUSBAND AND WIFE

STATE OF Illinois } SS.
COUNTY OF Livingston

On this 9th day of May 1952 before me personally appeared J.A.McWilliams and Alice R. McWilliams husband and wife, to me known to be the persons described in and who executed the foregoing instrument and acknowledged that they executed the same as their free act and deed, including the release and waiving of the right of homestead, the said wife having been by me fully apprised of her right and the effect of signing and acknowledging the said instrument.

Given under my hand and seal the day and year first above written.

Gladys Baird
Notary Public

My Commission expires Nov. 30-1955

Serial 5595 Case No. 14
FROM J.A. McWilliams & Alice R. McWilliams
TO SINCLAIR PIPE LINE COMPANY
Line Flanagan-East Chicago 22
Length 114 Rods
Dir 5595
Auth 1124
Comp
Dist 7506
TENANT

230871

STATE OF ILLINOIS } SS.
COUNTY OF LIVINGSTON
This instrument was filed for record on the ____ day of ____ A.D. 19__ at ____ o'clock __ M. and recorded in Book 254 on page 217

Recorder of Deeds

Return to
W. R. Flanagan
Supt. Right of Way Dept.
P. O. Box 160
Independence, Kans.